UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMANDA EARLS McDONALD, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11 - 598** |
| **TARGET CORPORATION OF MINNESOTA** | **SECTION "C"(4)** |

**ORDER AND REASONS**[1]

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, IT IS ORDERED that the Motion to Remand is DENIED.

**I. Background**

Plaintiffs' petition concerns an alleged personal injury sustained as a result of a slip and fall at Defendant's store in Houma, Louisiana on November 28, 2009. (Rec. Doc. 7-1 at 1). This matter was removed on the basis of diversity jurisdiction. (Rec. Doc. 1).

**II. Law and Analysis**

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This showing may be made by either: (1) demonstrating that it is facially apparent that

---

[1] Sami Aboulhosn, a first year law student at Tulane University Law School, contributed significantly to the research and preparation of this decision.

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Once a defendant has satisfied its burden, a plaintiff may defeat jurisdiction only by showing to a 'legal certainty' that the amount in controversy will not satisfy the jurisdictional minimum. *See St. Paul Mercury Indem. Co. v. Red Cab* Co., 303 U.S. 283, 289 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Here, the Court is satisfied that Defendant has met its burden to show that the jurisdictional minimum existed at the time of removal. Plaintiffs allege that their damages are less than the jurisdictional minimum because Plaintiff's surgery has been cancelled after an initial physician recommendation. (Rec. Doc. 7-2 at 6). However, medical reports from her most recent evaluation reveal that Plaintiff, Amanda McDonald, still suffered radiating pain in her extremities, neck pain, back pain, joint pain, and swelling. (Rec. Doc. 8-6 at 15). Moreover, Louisiana jurisprudence indicates that Plaintiff's injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery. *See e.g. Rico v. Sewerage and Water Bd. of New Orleans*, 929 So. 2d 143 (La. App. 4th Cir. 2006) (granting $150,000 when back surgery was recommended but not performed); *Piazza v. Behrman Chiropractic Clinic, Inc.*, 601 So.2d 1378 (La. 1982) (granting $111,600 for mental and physical pain and suffering, medical expenses, disability, past and future, and loss of consortium for herniated disc); and *Fontenot v. Laperouse*, 774 So. 2d 278 (La. App. 3rd Cir. 2000) (granting $120,000 for herniated and bulging disc). For these reasons, the Court is satisfied that Defendant has met its burden to show that the jurisdictional minimum exists.

Furthermore, Plaintiffs have not proven to a "legal certainty" that the amount in controversy will not satisfy the jurisdictional minimum. *St. Paul Mercury*, 303 U.S. at 289; *De Aguilar*, 47 F.3d

at 1412. Rather, to the contrary, Plaintiffs demanded $80,000 from Defendant in a settlement proposal dated November 17, 2010, thus demonstrating that Plaintiffs still considered the damages to be greater than $75,000 even eight months after the cancellation of the surgery. (Rec. Doc. 8-7 at 1). Therefore, Defendant has established that at the time of removal the amount in controversy exceeded the $75,000 jurisdictional minimum. Because the parties are completely diverse and the requisite amount in controversy exists, the Court finds that it has diversity jurisdiction over this case.

### III. Conclusion

Accordingly,

IT IS ORDERED that the Motion to Remand is hereby DENIED.

New Orleans, Louisiana, this 1st day of June, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE