UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMANDA EARLS McDONALD <br> and CEDRIC MCDONALD, Sr., <br> Individually and as the Administrators <br> of the ESTATES OF THE MINORS, <br> KELSEA EARLS, CEDRIC McDONALD, <br> SEMAJIA McDONALD, AMANDASHIA <br> McDONALD and NICHOLAS McDONALD | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION <br><br><br> NO. 2:11-cv-00598 <br><br><br> JUDGE: HELEN G. BERRIGAN |
| VERSUS | * <br> * <br> * | MAG. JUDGE: KAREN ROBY |
| TARGET CORPORATION OF <br> MINNESOTA | * <br> * <br> * <br> * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**[1]

Plaintiffs Amanda Earls McDonald and Cedric McDonald, Sr., Individually and as The Administrator of the Estates of the Minors Kelsea Earls, Cedric McDonald, Semajia McDonald, Amandashia McDonald and Nicolas McDonald brought this action for damages under La. R.S. § 9:2800.6.

Before the Court is defendant's Motion for Summary Judgment (Rec. Doc. 27). Plaintiffs oppose this motion. (Rec. Doc. 51). Having reviewed the record, memoranda of counsel and the

---

[1] Katharine Williams, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

applicable laws, the motion is DENIED but reserving to the defendant the right to re-file after the completion of discovery.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This Court has jurisdiction to hear this case because there is complete diversity of citizenship between plaintiffs and defendant, and the amount in controversy exceeds the jurisdictional limit. (Rec. Doc. 7).

Plaintiff Amanda McDonald ("McDonald") filed a Petition for Damages in Louisiana State Court against the defendant, Target Corporation of Minnesota ("Target"), on November 24, 2010. (Rec. Doc. 1). The case was removed to this Court on March 18, 2011. Id. McDonald based her Petition for Damages on injuries she sustained when she slipped and fell in a clear liquid at Target store #1450, located in Houma, La. (Rec. Doc. 51 at 1). The undisputed facts are as follows.

On November 28, 2009, plaintiff was shopping at Target Store #1450 in Houma, La. Id. McDonald went to the cleaning products aisle, E4-E5 to purchase bleach. (Rec. Doc. 27-1 at 4). She did not notice any substance on the floor at that time. Id. Upon returning to that aisle to purchase dish detergent 40 minutes later, and from the opposite end, McDonald slipped and fell in a clear liquid that she did not noticed before she slipped. (Rec. Doc. 51 at 2). McDonald landed on her back, and claims to have sustained injuries that required medical care, including surgery for a neck injury she sustained during the fall. Id.

Target employees Troy Blackledge ("Blackledge") and Travis Cole ("Cole") responded upon learning of the accident. (Rec. Doc. 27-6 at 5). That evening, store manager Dominique

Dawson ("Dawson"), as Leader on Duty for the night shift, filed a report recording the incident. (Rec. Doc. 51-1). Her report identified two Target employees who were assigned to the department containing aisle E4-E5 that evening: Blackledge and Cole. (Rec. Doc. 27-1 at 4). In her report, Dawson recorded that the clear liquid on the floor was dish detergent but could not determine its origin. (Rec. Doc. 27-1 at 5). Two days later, on November 30, 2009, Dawson filed an Electronic Incident Report on the accident. (Rec. Doc. 51-2). This report included a field entitled "Video," the response to which was "Unknown." (Rec. Doc. 51-2). In her deposition, Dawson stated that the individual responsible for video surveillance would have been an Executive Team Leader Over Asset Protection, but at the time of McDonald's accident no one held that position. (Rec. Doc. 25-4 at 2-3). At the time, John Burgbacher ("Burgbacher"), Investigative Specialist, performed the duties associated with that role. Id.

On December 9, 2009, plaintiff's counsel sent Target's claim handler a letter of representation which requested that any surveillance video footage taken on the night of McDonald's accident be preserved. (Rec. Doc. 51 at 2). After receiving this letter, an adjuster from Target's claim handler contacted plaintiff's attorney and stated that no surveillance footage of the incident existed, since the household chemical department is not under surveillance because of the rarity of theft from that department. Id. at 3. On December 17, 2009, plaintiff's counsel also sent a letter to Dawson, store manager, requesting that she preserve any video evidence of the accident.

Blackledge, deposed on April 12, 2012, stated that Target utilized cameras for surveillance in its stores. (Rec. Doc. 49-5 at 7). On August 3, 2012, Burgbacher submitted an affidavit stating that he was an Investigative Specialist with Target and that he was responsible

3

for the Target store in Houma, La. on the date of McDonald's accident. (Rec. Doc. 46-1). He stated that, on that date, he was "well familiar" with the store's surveillance system, E4-E5 was an aisle that was not under surveillance by any camera of the store's surveillance system, that there would not have been any video taken at that time, and therefore no video to maintain or preserve. Id.

On July 19, 2012, defendant Target filed a Motion for Protective Order to Limit Discovery of Non-Relevant Information Regarding Target's Video Security System. (Rec. Doc. 25). In that motion, defendant declared that no video of the incident in question existed because the aisle in which the incident took place was not under surveillance. Id. at 1.Defendant sought a limitation of inquiry as to Target's surveillance of the aisle in question in this case. (Rec. Doc. 25-2 at 6).

On August 8, 2012, Magistrate Judge Karen Wells Roby issued an oral Order granting in part and denying in part defendant's motion. (Rec. Docs. 25, 53). The Court stated that it would issue written reasons by separate order. Id.

On July 24, 2012, defendant Target filed this motion for summary judgment, requesting that McDonald's claim be dismissed with prejudice for a failure to sustain her burden of proof for recovery under La. R.S. § 9:2800.6, specifically that she would not be able to prove the temporal element required to sustain her claim of either actual or constructive notice on the part of the defendant. (Rec. Doc. 27-1). Defendant argues that plaintiff cannot provide any facts as to the temporal element for recovery under the statute. (Rec. Doc. 27-1 at 8). Defendant relies on White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997), for the proposition that the plaintiff bears the burden to prove each element of the cause of action under La. R.S. § 9:2800.6, and that

4

a claimant must show that the condition existed for some time before the fall to carry the burden of proving the temporal element. (Rec. Doc. 7).

In response to the defendant's motion for summary judgment, McDonald filed her opposition on August 8, 2012. (Rec. Doc. 51). In that opposition, McDonald asserted that the motion for summary judgment should be denied as premature, since discovery is on-going and plaintiffs had not been able to depose a Target representative in connection with Target's surveillance operations. Id. at 4. Plaintiff also sought to depose Target employee Cole, to determine if he had any knowledge of the presence of the dishwashing liquid spill prior to the incident. (Rec. Doc. 51-6 at 2). Plaintiff relies on FED. R. CIV. P 56 (c)(4)(d), to argue that the summary judgment would be premature at this point because she has not had access to evidence that may be relevant to her claim. (Rec. Doc. 51 at 4). Plaintiff argues that the issue of video footage is still contested, and that the depositions will elicit testimony which is essential to rebut the defendant's arguments in favor of summary judgment. Id.

## LAW AND ANALYSIS

**A. Applicable Law**

    **1. Rule 56 of the Federal Rules of Civil Procedure**

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. When considering whether any genuine issues of material fact exist, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. United States ex rel. Reagan v. East Texas Medical Center Regional Healthcare System,

384 F.3d 168, 173 (5th Cir. 2004), citing Daniels v. City of Arlington, Tex., 246 F.3d 500,502 (5th Cir. 2001).

An issue is material if its resolution could affect the outcome of the action. Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 409 (5th Cir. 2002), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Hunt v. Rapides Healthcare Sys. LLC, 277 F.3d 757, 762 (5th Cir. 2001). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 255.

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir.1986). To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012), citing Anderson, 477 U.S. 242 at 248–49. Conclusory allegations and unsubstantiated assertions will not satisfy the plaintiff's burden. Id. See also Grimes v. Tex. Dep't of Mental Health, 102 F.3d 137, 139–40 (5th Cir.1996).

**2. La. R.S. § 9:2800.6: Burden of Proof in Claims Against Merchants**

La. R.S. § 9:2800.6 states that a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his floors in a reasonably safe condition, a duty which includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. § 9:2800.6(A). Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risks of harm, and warn persons of known dangers. Bell v. American General Investment, L.L.C., 911 So.2d 408, 412 (La.App. 2 Cir. 2005), citing Jones v. Brookshire Grocery Co., 847 So.2d 43 (La.App. 2 Cir. 2003). Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons, and a store owner is not liable every time an accident happens. Id.

In a negligence claim brought against a merchant for damages as a result of an injury sustained because of a fall due to a condition existing in or on the merchant's premises, the claimant has the burden of proving all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6(B), see also White, 699 So.2d 1081 at 1084 ("This statute is clear and unambiguous. The statute uses the mandatory 'shall.' Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B).").

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. § 9:2800.6(C)(1). Constructive notice includes a temporal element ("such a period of time ..."), and the statute does not allow for the inference of constructive notice absent some showing of this temporal element. Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La. 4/13/99), 733 So.2d 1188, 1190, citing White, supra. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. Id. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Id. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. Id. However, the presence or absence of an employee in the vicinity of the condition is a significant factor to be considered in determining whether or not the merchant had constructive notice. Blackman v. Brookshire Grocery Co., 966 So.2d 1185, 1191 (La.App. 3d Cir.2007).

**B. Analysis**

If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to take discovery. FED. R. CIV. P. 56(d). Summary judgment would be improper in this case because an issue of material

fact is contested and will require further discovery to resolve: whether Target had actual or constructive notice of the condition prior to McDonald's accident.

The issues of actual or constructive notice are necessarily factual determinations to be made by the trier of fact. White, 699 So.2d at 1084. While La. R.S. § 9:2800.6 requires that a plaintiff prove all elements of the claim by a preponderance of the evidence at trial, the standard for summary judgment is not this strict. To justify the denial of defendant's Motion for Summary Judgment, McDonald need only establish that a reasonable juror could decide in her favor. At this point in time, McDonald has not had access to evidence that may be relevant to contested issues of fact. The inferences draw from the information before the Court, seen in the light most favorable to McDonald, suggest that this evidence could prove actual or constructive notice on the part of Target.

McDonald has presented evidence that a Target employee, Cole, was responsible for the area in which her accident occurred. She has not had the opportunity to depose this witness, whose testimony could establish actual notice of the dangerous condition.

Further, McDonald has provided evidence that the aisle may have been under surveillance the night of the accident with Target employee Blackledge's statement that Target did use video surveillance in its stores. (Rec. Doc. 51-5 at 7) Target has provided an affidavit stating that the area was not under surveillance. Plaintiff contests this affidavit and wishes to depose a representative of Target as to their surveillance practices and to determine whether or not surveillance video of the accident exists. The existence of the video showing the aisle in question could allow plaintiff to establish the temporal element under La. R.S. § 9:2800.6(B).

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment is DENIED. (Rec.Doc. 27) .

New Orleans, Louisiana, this 5th day of October, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

.